UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHRAF ABDULLAH, | |
| Plaintiff, | 22-CV-9065 (LTS) |
| -against- | TRANSFER ORDER |
| ALBANY MED. CENTER, ET AL., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Auburn Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was incarcerated at Eastern Correctional Facility ("Eastern CF"). Named as Defendants are Albany Medical Center; New York State Department of Corrections and Community Supervision ("DOCCS"); Eastern CF hearing officer Cho Morrow; Eastern CF Inmate Record Coordinator Stacey Fredunburgh; DOCCS Director of Special Housing Unit ("SHU") A. Rodriguez, and SHU Acting Director Colin Fraser; Eastern CF Superintendent Lynn J. Lilley; Eastern CF ORC Counselor Williams; Eastern CF Sergeants B.J. Guitierez, Rivera; Eastern CF Food Administrator L. Courtright; Eastern CF Correction Officers Winter, M. Degraw, K. Smith, and S.J. Hendriks; Eastern CF Lieutenant O. Zweck; and Eastern CF Inmate Grievance Supervisor Black. Plaintiff also names various John Doe defendants, who are employed either at Eastern CF or Albany Medical Center. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred at Eastern CF, Albany Medical Center, and possibly Upstate Correctional Facility ("Upstate CF"). Eastern CF is located in Ulster County, New York; Albany Medical Center is located in Albany County, New York; and Upstate CF is located in Franklin County, New York. Ulster, Albany, and Franklin Counties all fall within the Northern District of New York. *See* 28 U.S.C. § 112(a). Because Defendants are employed at Eastern CF, Albany Medical Center, and DOCCS, which is located in Albany, and the alleged events occurred in Ulster, Albany, and Franklin Counties, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Ulster, Albany, and Franklin Counties, which are in the Northern District of New Yok. *See* 28 U.S.C. § 112(a). Accordingly, venue lies in the Norther District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

2

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 27, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge